UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  vs.<br><br>CLAYTON M. HIGH WOLF, Sr.,<br><br>            Defendant. | CR. 14-50093-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Clayton High Wolf, Sr., filed an appeal from a denial of a motion for pretrial release entered by Magistrate Judge Daneta Wollmann. (Docket 41). Following briefing by the parties, the court held a hearing on Friday, October 2, 2015, on defendant's motion. For the reasons stated below, defendant's appeal is denied.

**DISCUSSION**

Mr. High Wolf seeks review of the magistrate judge's detention order "pursuant to the provisions of 18 U.S.C. § 3145(b) and (c)." Id. at p. 1. A defendant "ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for . . . amendment of [a detention] order." 18 U.S.C. § 3145(b). "An appeal from a . . . detention order . . . is governed by the provisions of section 1291 of title 28 and section 3731 of [title 18]. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1),

may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Section 3143 is not applicable to Mr. High Wolf's case as he has not been convicted of any offense. Similarly, 18 U.S.C. § 3731 and 28 U.S.C. § 1291 are not applicable because Mr. High Wolf has not been granted release pending trial.

The district court must conduct a *de novo* review in determining whether to allow pretrial release pursuant to 18 U.S.C. § 3142. <u>United States v. Maull</u>, 773 F.2d 1479, 1481 (8th Cir. 1985). "To engage in a meaningful de novo review, the district court must have available the options open to the magistrate. The act requires a progression from one choice to the next in a judicial officer's determination of whether pretrial detention is called for." <u>Id.</u> at p. 1482 (referencing <u>United States v. Orta</u>, 760 F.2d 887, 890 (8th Cir. 1985) (*en banc*)). "Only after determining that release upon personal recognizance or an unsecured appearance bond will not reasonably assure appearance or will endanger the safety of others (see 18 U.S.C. § 3142(b)), may the judicial officer then proceed to consider the conditions set out in section 3142(c)(2)(A)-(N). In reviewing the order of the magistrate, the district court must engage in this same analysis." <u>Id.</u>

The factors to be considered by the court in determining pretrial release include the following:

    (1)    the nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm

>    . . . ;
>
> (2)   the weight of the evidence against the person;
>
> (3)   the history and characteristics of the person, including–
>
>    (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>    (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . . .

18 U.S.C. § 3142(g).

Separately considering these factors, the court finds the following evidence material to this case.

**1.   SERIOUSNESS OF THE OFFENSE**

On September 23, 2014, a grand jury indicted Mr. High Wolf on one count of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Docket 1). This offense allegedly involves a firearm and claims Mr. High Wolf "has three previous convictions . . . for a violent felony or serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). The

maximum term of incarceration in the event of conviction is "not less than fifteen years" up to life.  Id.

## 2. THE WEIGHT OF THE EVIDENCE AGAINST THE DEFENDANT

Mr. High Wolf is presumed innocent of the charges against him and that presumption follows him through trial.  Kentucky v. Whorton, 441 U.S. 786, 790 (1979) ("the presumption of innocence is a basic component of a fair trial under our system of criminal justice.") (citing Estelle v. Williams, 425 U.S. 501 (1976) (internal quotation marks omitted).  See also 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence.").

Mr. High Wolf filed a motion to suppress evidence seized at the time of the stop of the vehicle he was driving.  (Docket 24).  Magistrate Judge John E. Simko conducted a suppression hearing and issued a report and recommendation.  (Dockets 28 & 32).  Mr. High Wolf timely filed objections to the report and recommendation.  (Docket 33).  The court then conducted a *de novo* review of both the vehicle stop and the pat down search of Mr. High Wolf.  (Docket 46).  Based on the review of the evidence presented during the suppression hearing and recognizing the presumption of innocence, the court finds the weight of the evidence against Mr. High Wolf appears to be substantial.

**3.     THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Mr. High Wolf has three prior convictions[1] in federal court: (1) a 1997 conviction for conspiracy to distribute a controlled substance, 5:96-cr-50111-RHB (Docket 22); (2) a 2009 conviction for simple assault, 5:08-cr-50055-KES (Docket 98); and (3) a 2009 conviction for possession with intent to distribute a controlled substance, 5:08-cr-50042-KES (Docket 63).  The addendum to the pretrial services report does not identify a third felony which would justify an enhanced sentence of life imprisonment pursuant to 18 U.S.C. § 924(e)(1).  (Motion Hearing Exhibit 2).  The government's brief does not identify the third prior felony which would implicate § 924(e)(1).  (Docket 50).  For purposes of this analysis, the court will assume the maximum period of incarceration in the event of a conviction would be ten years.  18 U.S.C. § 924(a)(2).

At the time of his arrest on July 17, 2014, on the present charge, Mr. High Wolf was on supervised release for the 2009 felony conviction.  See 5:08-cr-50042-KES (Docket 81).  In that case, Mr. High Wolf's supervised release had been revoked in 2013 for failing to notify his probation officer ten days prior to a change in residence.  Id. (Docket 77).  Supervised release was revoked a second time in 2014 for failure to participate or complete a cognitive

---

[1] A 1992 conviction for assault on a federal officer, 5:92-cr-50020-3 (Docket 6), was reversed and remanded for a new trial by the United States Court of Appeals for the Eighth Circuit.  United States v. Schrader, 10 F.3d 1345, 1347 (8th Cir. 1993).  The indictment was dismissed on January 24, 1994.  5:92-cr-50020-3 (Docket 3 at p. 3).

5

behavioral training program and for his July 17, 2014, possession of methamphetamine. Id. (Docket 95 at p. 1).

In the 1997 case, Mr. High Wolf's supervised release was revoked in 2000 for driving under the influence of alcohol and again in 2001 for a number of violations involving controlled substances and failing to follow the instructions of his United States Probation Officer. See 5:96-cr-50111-RHB (Dockets 41 & 57).

Mr. High Wolf acknowledges that "[f]rom age 17 to age 52 [he] was charged in no less than 25 separate court cases requiring his appearance, with most requiring multiple attendances." (Docket 45 at p. 3). He acknowledged four failures to appear years ago, but contends he has made "nearly 100 other appearances for matters throughout his life time . . . ." Id.

During the motion hearing before Magistrate Judge Wollmann, defense counsel acknowledged that given Mr. High Wolf's criminal history, Community Alternatives of the Black Hills ("CABH") would not accept him for placement. (Docket 42 at p. 4:17-26). Mr. High Wolf argues that if he is released from custody, he would stay with Patricia Bad Wound of Rapid City. (Motion Hearing Exhibit 2 at p. 1). The addendum to the pretrial services report indicates Ms. Bad Wound is Mr. High Wolf's girlfriend of two and one-half years. Id. Ms. Bad Wound testified at the suppression hearing and she is contemplated to be a trial witness in this case. Id.

4. **NATURE AND SERIOUSNESS OF THE DANGER TO OTHERS THAT WOULD BE POSED BY THE DEFENDANT'S RELEASE**

The evidence presented in the pretrial release reports and the testimony at the motion hearing reveal that Mr. High Wolf has little, if any, regard for a law-abiding lifestyle. At the time of his arrest, even though he was a convicted felon and knew of the prohibition against possession of a firearm and ammunition, Mr. High Wolf was in possession a firearm and thirty-nine bullets. (Docket 46 at p. 6 n.1). During a subsequent revocation of supervised release proceeding, Mr. High Wolf admitted also to being in possession of methamphetamine at that same time. 5:08-cr-50042-KES (Docket 91 at p. 1).

Mr. High Wolf contends that living in Ms. Bad Wound's home with "ankle-monitoring, and *with intense* pretrial supervision" would "completely satisfy the strictures of the [Bond Reform Act]." (Docket 45 at p. 3) (emphasis in original). The court disagrees. It is inappropriate for a defendant to reside with a potential trial witness under any circumstance and the court has categorically sought to avoid that situation in the past. Further, CABH is unwilling to accept Mr. High Wolf because of his criminal history. Finally, Mr. High Wolf has an extensive history of non-compliance with the conditions of supervised release. The court finds there is no combination of conditions which would reasonably assure Mr. High Wolf's appearance for court proceedings and protect the safety of other people in the community. 18 U.S.C. § 3142(c)(1)(B).

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's appeal (Docket 41) is denied.

Dated December 18, 2015.

      BY THE COURT:

      /s/ *Jeffrey L. Viken*
      JEFFREY L. VIKEN
      CHIEF JUDGE